### POLICE JURY v. LANDRY.

None are legal voters at an election held by order of the Police Jury to decide whether an ordinance imposing a tax for works of internal improvement shall be approved, but the proprietors of landed estate in the parish or municipal corporation where the election is held.

APPEAL from the District Court of St. Martin, *A. Voorhies*, J. *Deblanc & Fuselier*, for plaintiff and appellants. *Simon & Gary*, for defendant.

COLE, J. On the 13th of October, 1852, the Police Jury of the parish of St. Martin levied a tax of $103,750 00 on the landed property of the parish, payable in five equal installments, according to the assessment roll of the preceding year.

The object of this tax was to subscribe for 4150 shares of the New Orleans, Opelousas and Great Western Railroad Company.

An election was ordered to take place on the 16th of November, 1852, in compliance with the Act of 1852 of the Legislature No. 175, p. 128, Acts of 1852; to ascertain the sense of the voters on whose property the tax was proposed to be levied.

Two hundred and sixty-four votes were polled, giving a majority of thirty-six votes in favor of the tax.

The defendant being sued for the first installment of his tax, contests the validity of the election on several grounds; as we are of opinion that one of the alleged informalities is sufficient to render the election null, we will only allude to it.

Said Act, approved March 12th, 1852, is "An Act providing for the subscription, by the parishes and municipal corporations of this State, to the stock of corporations undertaking works of internal improvement, and for the payment and disposal of the stock so subscribed."

The 3d section of this Act declares:

"That no ordinance passed under the provisions of this Act shall be valid or take effect until it shall have been approved and ratified by a majority of the voters on whose property the tax is proposed to be levied, at an election to be held specially for that purpose, by order of the Police Jury or municipal corporation passing the ordinance," &c.

The second section declares, that the property on which the tax is to be levied is the landed estate situated in the parish or municipal corporation.

It is clear from these sections, that none are legal voters for a tax of the kind under consideration, but the proprietors of landed estate in the parish or municipal corporation where the election is held.

The meaning of the word "voters," in the latter part of the third section, must be interpreted by the definition thereof in the first part of the same section.

Now it is established, that a sufficient number of illegal votes were taken to determine the result of the election in favor of the tax, and that the tax was carried by means of said illegal votes.

106

But it is said, that defendant has ratified the election so far as he is individually concerned, but no legal ratification has been shown, even if it was possible for an individual to ratify an election which is null.

Even if defendant signed the list, which contained the names of those who wished to avail themselves of the 13th section of the charter on account of the said tax, still it is not proved, that he was aware of the illegality of the election at the time he signed the same, and his consequent freedom from liability on account of said railroad tax.

The Police Jury could not, as argued by plaintiff, ratify the election; if illegal, they had no power to ratify it, for none but the legal voters under the statute could declare if the tax should be imposed.

We are of opinion then, that defendant is not liable.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.